UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERE LEE-BRYANT,

       Plaintiff,

v.                                             Case No. 08-14200
                                             Honorable Paul D. Borman

JOHN PRINCE, et. al.,

       Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Plaintiff Lavere Lee-Bryant, a state inmate, currently confined at the Baraga Maximum

Correctional Facility in Baraga, Michigan, has filed a *pro se* civil rights complaint, pursuant to

42 U.S.C. § 1983. This case was originally filed in the United States District Court for the

Western District of Michigan but was transferred to this Court because Plaintiff's allegations

occurred as a result of his confinement in the St. Louis Correctional Facility in St. Louis,

Michigan, which is in this Court's jurisdiction. 28 U.S.C. § 2241(d). In addition to this

complaint, Plaintiff has seven complaints pending in the Western District.

In his pleadings, Plaintiff alleges that he was placed in a segregation unit in prison in

September of 2002 for major misconducts–possession of a weapon and substance abuse, which

he contends were falsified by Defendants. Plaintiff also argues that Defendants should be found

to have violated the Thirteenth and Fourteenth Amendments of the United States Constitution, as

well as the policies of the Michigan Department of Corrections. He seeks monetary damages.

Having reviewed the complaint, the Court will dismiss it for failure to state a claim upon

which relief may be granted.  The Court also finds that an appeal cannot be taken in good faith.

## II.  Discussion

Plaintiff has been allowed to proceed without prepayment of fees.  See 28 § U.S.C.

1915(a);  *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).  However, 28 U.S.C.

§1915(e)(2) states:

> **(2)**  Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any time if
> the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal:
>> **(I)** is frivolous or malicious;
>> **(ii)** fails to state a claim on which relief may be granted; or
>> **(iii)** seeks monetary relief against a defendant who is
>> immune from such relief.

28 U.S.C. § 1915(e)(2).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

service on a defendant if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is

similarly required to dismiss a complaint seeking redress against government entities, officers,

and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C.

§ 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See*

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that the defendant is a person

who acted under color of state or federal law and the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  In this case, despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to summary dismissal.

In this case, Plaintiff seeks monetary damages for the alleged false imprisonment.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.  *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if

success in that action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, Plaintiff filed a grievance, which was not reversed. Rather, the hearing officer found Plaintiff did knowingly possess a concealed weapon in his locker–a toothbrush with a razor blade wrapped inside, and that Plaintiff also possessed a prison pipe, which smelled of marijuana. Thus, pursuant to *Heck*, Plaintiff has failed to state a claim for a § 1983 action; Plaintiff's conviction or sentence was not reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus.

Against that backdrop, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and the Court will therefore dismiss the complaint. However, any dismissal of a § 1983 complaint under *Heck* should be without prejudice. *Diehl v. Nelson*, 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

Additionally, any claims for damages for mental or emotional injuries alleged by Plaintiff must also be dismissed because he has failed to demonstrate that he suffered any physical injury as a result of Defendants' actions. 42 U.S.C. 1997e(e) states:

> No federal civil action may be brought by a prisoner confined in a
> jail, prison, or other correctional facility, for mental or emotional
> injury suffered while in custody without a prior showing of
> physical injury.

42 U.S.C. § 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong. *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998). In addition, a physical injury must be more than *de minimis* to support a claim for mental or emotional suffering under the Eighth

Amendment and § 1997e(e). *Robinson v. Corrections Corp. of America,* 14 Fed.Appx. 382, 383 (6th Cir. 2001) (citing *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *modified by*, 216 F.3d 970 (11th Cir. 2000); *Harper v. Showers,* 174 F.3d 716, 719-20 (5th Cir. 1999)). Plaintiff's complaint likewise alleges only a *de minimis* injury that would not support the award of damages for mental and emotional injury under § 1997e(e).

Under § 1997e(e), Plaintiff would be unable to recover for emotional distress for being placed in segregation, unless he first suffered a physical injury that was a result of her being confined in segregation, rather than in the general population. *West v. McCaughtry*, 971 F.Supp. 1272, 1276 (E.D. Wis. 1997). Because Plaintiff has made no allegation of receiving any physical injury as a result of being placed in segregation, he cannot recover for any alleged emotional distress that he may have suffered as a result of being placed in segregation. *Id. See also Taormina v. Phillips,* 2000 WL 1923511 (E.D. Mich. Nov. 30, 2000).

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state any claims upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore*, 114 F.3d at 610-11.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 21, 2008.

s/Denise Goodine
Case Manager